[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**March 21, 2006**
**THOMAS  K. KAHN**
**CLERK**

No. 05-14887
Non-Argument Calendar

_____

Agency Nos. A95-900-933
and A95-900-934

JUAN CAMILO RUA-CANO,
CLAUDIA MARCELA ALVAREZ-OSPINA,
ANDRES CAMILO RUA-ALVAREZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 21, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Juan Camilo Rua-Cano and Claudia Marcela Alvarez-Ospina, a married couple who are both natives and citizens of Colombia, and their son Andres Camilo Rua-Alvarez, a native and citizen of Panama, (collectively, "the petitioners"), through counsel, petition for review of (1) the Board of Immigration Appeals' ("BIA") initial order adopting in part and affirming the Immigration Judge's ("IJ") removal order and denying their claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and protection under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), and (2) the BIA's order denying their motion to reopen or reconsider. In their petition for review, the petitioners argue that the BIA erred in affirming the IJ's order because they had demonstrated past persecution and a well-founded fear of future persecution.

We are "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). We have jurisdiction only over a "final order of removal," so long as the petition for review is filed within 30 days. 8 U.S.C. § 1252(a)(1) & (b)(1). The BIA's dismissal of the petitioners' appeal in its initial order was a final order of removal. *See* 8 C.F.R. § 1241.1(a). The petitioners' motion to reconsider did not toll the limitations period for filing a petition for

2

review of the final order of removal. *See Stone v. INS*, 514 U.S. 386, 394-95, 115 S. Ct. 1537, 1543-44, 131 L. Ed. 2d 465 (1995).

Because the petitioners did not file their petition for review until September 6, 2005, more than 30 days after the BIA's initial order dated May 20, 2005, their petition was not timely, and we lack jurisdiction to review this order. *See* 8 U.S.C. § 1252(b)(1). Accordingly, to the extent that the petitioners are seeking review of the BIA's initial order, the petition for review is dismissed, in part, for lack of jurisdiction.

Because the petition for review is timely with respect to the BIA's order denying the petitioners' motion to reopen or reconsider, which constitutes a separate final order, we have jurisdiction to review that order. *See Stone*, 514 U.S. at 394-95, 115 S. Ct. at 1543-44.

We conclude that the petitioners have abandoned any claims they may have had regarding that order by failing to raise any argument concerning the denial of their motion to reopen or reconsider in their brief. *See Sepulveda v. U.S. Attorney Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam). The petitioners' brief contains no law relevant to a motion to reopen or a motion to reconsider, and there is no argument as to why the BIA's denial of the petitioners' motion was erroneous. In addition, although the IJ considered petitioners' asylum application

3

on the merits, it also found that the application was untimely. The BIA affirmed this finding, and we therefore have no jurisdiction over any challenge to the denial of the asylum application. *See Chacon-Botero v. U.S. Attorney Gen.*, 427 F.3d 954, 957 (11th Cir. 2005) (per curiam). Furthermore, even if we had jurisdiction and petitioners had not abandoned their arguments, the BIA did not abuse its discretion in denying the motion because petitioners have failed to demonstrate that they had any new material evidence that was not considered by the IJ and reviewed by the BIA and have failed to establish that the BIA made any errors of fact or law in its prior decision. *See Assa'ad v. U. S. Attorney Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003); *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1302 (11th Cir. 2001); 8 C.F.R. § 1003.2. Accordingly, the petition for review is denied, in part.

**PETITION DISMISSED** in part, and **DENIED** in part.